NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARTHOLOMEW UWALAKA, | |
| Plaintiff, | CIVIL NO. 04-2973 (SRC) |
| v. | |
| | **OPINION** |
| STATE OF NEW JERSEY, et al. | |
| Defendants. | |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendants State of New Jersey, Robert Cecchi, Robert Popkin, Matthew D'Oria, George Burgos, and Donald Magnus (collectively referred to as "Defendants") (docket entry # 14). The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

I. BACKGROUND OF THE CASE

Plaintiff, a state employee, alleges that Defendants violated Title VII of the Civil Rights Act of 1964, conspired to deprive him of federally guaranteed rights, violated the New Jersey Law Against Discrimination, and committed fraud and negligent retention. (Second Am. Compl. at 2.) In a *pro se* complaint filed on April 5, 2005, the Plaintiff alleges that the Defendants

1

engaged in unconstitutional discrimination against him on the basis of his ethnicity, and further engaged in a pattern of intimidation and retaliation against his efforts to seek redress for his claims. (Id.) The Defendants named in the Complaint include the State of New Jersey, as the Plaintiff's employer, and numerous individuals who hold supervisory and management positions at the State agencies where the Plaintiff was employed. (Id. at 4 - 8.) One of these Defendants, Cecchi, is being sued in his official capacity.[1] (Id. at 5 - 6.) The remaining Defendants are being sued in their individual capacities.[2] (Id. at 6 - 8.)

The Plaintiff's Second Amended Complaint outlines twelve counts against the various Defendants. In this complaint, Plaintiff seeks both equitable remedies as well as monetary compensation for the various Counts. Equitable remedies being sought include, among other remedies, retroactive promotion to a higher position, issuance of "mutually prepared, mutually corrected, mutually reviewed and accepted" past employment performance evaluations, and withdrawal of past "fabricated" reports and evaluations regarding his job performance. (Second Am. Compl. at 43 - 44.) In addition, Plaintiff is seeking a variety of compensatory and punitive remedies, with monetary damages being sought on certain Claims exceeding $43 million.

---

[1] An official capacity suit, such as this, have been deemed "in all respects other than name" a suit against the entity which the individual represents. Kentucky v. Graham, 473 U.S. 159, 165 (1985). In the present case, the suit against Mr. Cecchi is considered a suit against the State Department of Human Services, where he works as the Chief of Investigations. (See Second Am. Compl. at 5-6.) Awards in these suits are executable against the government entity itself. Graham, 473 U.S. at 165.

[2] Personal capacity suits, like these, "seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165. Awards in these cases can be executed only against the official's personal assets. Id.

## II.  DISCUSSION

On August 26, 2005, the Defendants filed the instant Motion specifically seeking dismissal of five of these counts (docket entry #25): counts two, three, five, eight, eleven, and twelve.  (Def. Br. at 1.)  Plaintiff filed a brief opposing this motion on August 26, 2005 (docket entry #29).  This opposition "brief" consisted of numerous pages of case citations and bullet points, and was generally incomprehensible in presenting any legal grounds to oppose Defendant's motion.  Since Plaintiff has filed his brief *pro se*, however, we must liberally construe his pleadings and will apply the applicable law regardless of whether Plaintiff, in his brief, mentioned it by name.  See Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must presume that all allegations in the complaint must be taken as true and viewed in the light most favorable to the complainant.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  Resolution of these motions in no way indicates a predisposition by the Court of an issue of contested facts.  FED CIV PROC. Rule 12(b)(6).  Consistent with this standard, the Court will review each of Defendants' arguments in turn.

**A.    Plaintiff's State Law Claims in Counts Two, Five, and Eight are Barred by the Eleventh Amendment**

Defendants have moved to dismiss all state law claims contained in counts two, five, and eight of the Plaintiff's Second Amended Complaint under Rule 12(b)(1) because this Court lacks jurisdiction over these claims against the State or its officials being sued in their official capacity.

Federal courts may not order state officials to conform their conduct to the strictures of state law, as sought by the Plaintiff's equitable remedies being pursued this case. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). To do so would require this Court to intrude upon the sovereignty of the states protected by the Eleventh Amendment.[3] Id. at 106. To the extent that Plaintiff seeks money damages against the State and its officials acting in their official capacity for purported violations of New Jersey law, this Court similarly lacks jurisdiction. Where a suit attempts to recover monetary damages, the State is the real party in interest and thus may invoke its sovereign immunity, even though individual officials may be named as the nominal defendants. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Because immunity attaches here as well, this Court is without jurisdiction to hear these claims.

     New Jersey could have chosen to waive its sovereign immunity to suit by statute specifically authorizing such sits in federal court. Welch v. State Dep't of Highways, 483 U.S. 468, 473 - 74 (1987); Skehan v. State Sys. Of Higher Educ., 815 F.2d 244, 247 (3d Cir. 1987). Such a waiver can be found, however, only "where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)). The New Jersey Tort Claims Act, N.J.S.A. 59:1 et. seq., re-established the doctrine of sovereign immunity in the state of New Jersey unless liability is specifically provided for under the Act. Nothing in the Act provides for waiver of the State's

---

[3] The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state . . . ." On its face, this provision appears to cover only suits in diversity, however, its scope has been expanded to cover suits against a state by its own citizens as well. See Hans v. Louisiana, 134 U.S. 1, 10 (1890).

sovereign immunity to suits in federal court.  See Garcia v. Richard Stockton Coll. of New Jersey, 210 F.Supp.2d 545, 550 (D.N.J. 2002).  As such, this Court lacks subject matter jurisdiction over counts two, five, and eight of the Plaintiff's Second Amended Complaint.[4]  Therefore, Defendants' motion to dismiss these claims is **GRANTED**, and these claims are dismissed.

**B.      Plaintiff's Aiding and Abetting Claims Under NJLAD Against the Individual Defendants, Being Sued in Their Individual Capacities, May be Sustained, Even Though the Employer, the State, is Immune From Liability Under the Eleventh Amendment**

Under New Jersey's Law Against Discrimination ("NJLAD") statute, an individual may be liable when they "aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this Act, or to attempt to do so." N.J.S.A. 10:5-12(e).  Individual liability under this statute requires a showing:

> [T]hat the aider and abettor acted in relations to a principal [(here, the employer).] . . . Once [the employer] has been found liable, the issue becomes whether under § 12(e), any employee is liable to aiding and abetting.  Employees are not liable as aider and abettor merely because they had some role, or knowledge of involvement.  Rather,

---

[4] Each of these counts relies on state law claims.  Count Two relies on New Jersey Law Against Discrimination (N.J.S.A. 10:5-12(d)) for claims against the State and Mr. Cecchi in his official capacity.  (Second Am. Compl. at 45, ¶ 2.)  Count Five relies on New Jersey law against Negligent Retention for claims against the State and Mr. Cecchi in his official capacity.  (Id. at 57, ¶ 9.)  Count Eight relies on state fraud claims against the State.  (Id. at 48, ¶ 7.)

5

>  the degree of involvement, knowledge and culpability required as a basis for liability is heightened . . . [and must be] above mere knowledge and or implementation, lest a reverse superior liability could be created under the guise of aiding and abetting.

Failla v. City of Passaic, 146 F.3d 149, 158 (3d Cir. 1998).

In count three of his Second Amended Complaint, Plaintiff claims that defendants Popkin, D'Oria, and Burgos, all being sued in their personal capacities, aided and abetted his employer, the state of New Jersey, in violating his rights under the NJLAD statutes. Defendants moved to dismiss count three of the Plaintiff's Second Amended Complaint on the grounds that the Plaintiff's employer, the State, is immune from suit under the Eleventh Amendment (Def. Br. at 6.). The Defendants contend that defendants Popkin, D'Oria, and Burgos, cannot be held individually liable for aiding and abetting under N.J.S.A. 10:5-12(e) because the principal, the State, can claim immunity from liability. (Id.)

The Court does not agree with the Defendants' argument. As the Supreme Court noted in Dennis v. Sparks, the fact that one party may be immune from liability does not necessarily extend that immunity to their co-conspirators or, in this case, to those accused of aiding and abetting the immune party. See Dennis v. Sparks, 449 U.S. 24, 26 (1980). In Sparks, the Court affirmed the reversal of a District Court ruling which held that because judges could claim judicial immunity, others accused with conspiring with that judge could not be held liable under § 1983, since they "'did not conspire with any person against whom a valid § 1983 suit can be stated.'" Id. (quoting Sparks v. Duval County Ranch Co., 588 F.2d 124, 126 (1979)). The Court concurred with the Circuit Court's reversal of this ruling, finding that there was "no good reason

in law, logic, or policy for conferring immunity on private persons" who acted in conjunction with an immune party to violate the law.  Id. at 27.

This Court similarly finds that there is no reason to extend the sovereign immunity of the State to private parties accused of aiding and abetting a State employer in violation of the NJLAD statutes.  While the State may claim sovereign immunity under the Eleventh Amendment to avoid liability for their actions, this grant of immunity does not change the character of the actions being alleged.  The Court finds, therefore, that defendants Popkin, D'Oria, and Burgos, being sued in their individual capacity, may still be found liable for aiding and abetting violations under the NJLAD statute, even though the State employer, with whom they are accused of aiding and abetting, is immune from liability under the Eleventh Amendment.  Accordingly, the Defendants' motion to dismiss count three of the Plaintiff's Second Amended Complaint is **DENIED**.

C. **Plaintiff's Claims for Deprivation of a Right to Give Evidence Sets Forth a Cognizable Claim Under Against Defendant D'Oria, But No Cognizable Claim Has Been Pled Against Defendants Popkin, Burgos, or Mangus**

Defendants moved to dismiss count eleven of the Plaintiff's Second Amended Complaint on the grounds that it failed to set forth a cognizable claim under 42 U.S.C. § 1981.  Count eleven claims that four of the defendants, Popkin, D'Oria, Burgos, and Mangus, each "used threats of their own, intimidation, harassment, stigmatization, fraudulent scheme, concerted effort, deceits and/or cover-up to deter exercise of his [Plaintiff's] right to give evidence, and actually deterred it."  (Second Am. Compl. at 64, ¶ 5.)  Defendants claim that this count should

be dismissed on the grounds that it is "replete with sweeping legal conclusions in the form of actual allegations." (Def. Br. at 9 (quoting Perry v. Gold & Laine, P.C., 371 F.Supp. 2d 622, 626 (D.N.J. 2005).) Defendants also claim that, because the Plaintiff went forward with filing a charge with the EEOC and subsequently filed the current suit, he was not "actually deterred" from exercising his rights. (Def. Br. At 10.) Accordingly, Defendants argue, this claim should be dismissed. (Id.)

The Court, however, does not fully concur with Defendants' analysis. It is well established that Plaintiff has a constitutionally protected right to file non-sham lawsuits, grievances, or other petitions with the courts and other government bodies under the First Amendment's Petition Clause. See San Filippo v. Bongiovanni, 30 F.3d 424, 434-35 (3d Cir. 1994). Such petitions need not be on a matter of public concern. Id. at 441-42. To receive constitutional protection, they need only be non-sham petitions filed within the sanctioned channels of redress. Id.

While the Plaintiff's Second Amended Complaint is somewhat difficult to understand, the Court is unable to discern anything in this complaint that specifically alleges a cognizable deprivation of Plaintiff's constitutional rights against Defendants Mangus, Popkin, or Burgos. The claims against Defendant Mangus appear to be that, while investigating Plaintiff's employment discrimination complaints on behalf of the State employer, he simply failed to act in the Plaintiff's favor and contested the validity of the Plaintiff's claims. (See Second Am. Compl. at 32, ¶ 274.) The claims against Defendants Popkin and Mangus seem to be based on an alleged failure to take action against the other defendants in response to Plaintiff's complaints. (See, e.g., id. at 18, ¶ 111; id. at 22 ¶ 154; id. at 26 ¶ 212; id. at 32, ¶ 274.)

The only specific claim that these three defendants acted to deprive the Plaintiff of his constitutional rights is the broad statement included within count eleven, where the Plaintiff charges that they "used threats of their own, intimidation, harassment, stigmatization, fraudulent scheme, concerted effort, deceits and or cover-up to deter exercise of [Plaintiff's] right to give evidence." (Second Am. Compl. at 64, ¶ 5)  A motion to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  FED. CIV. PROC. Rule 12(b)(6).  While the standard applied under 12(b)(6) is a liberal one, "bald assertions and conclusions of law will not suffice" and should be disregarded in determining whether a complaint sets forth a cognizable claim sufficient to sustain a motion to dismiss under 12(b)(6).  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, n8 (3d Cir. 1997) (quoting Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)).

Nowhere in the nearly seventy pages of the Plaintiff's complaint does he recount a single incident where he was threatened, intimidated, or otherwise harassed by any of these three defendants.  A neutral reading of the allegations contained in the Plaintiff's complaint fails to state a cognizable allegation against defendants Mangus, Popkin, or Burgos that they acted to violate the Plaintiff's right to give evidence or otherwise seek redress for his grievances.  Accordingly, Defendants' motion to dismiss count eleven of Plaintiff's Second Amended Complaint against defendants Mangus, Popkin, and Burgos is **GRANTED**.

While the Plaintiff's Second Amended Complaint fails to state a claim for constitutional deprivation of the Plaintiff's right to bring suit against defendants Mangus, Popkin and Burgos, it does specifically state a cognizable claim against Defendant D'Oria.  Plaintiff alleges that D'Oria

9

threatened to take adverse employment action against the Plaintiff if the Plaintiff did not stop filing complaints against defendant Checcia and others in his direct supervisory chain.  (See Second Am. Compl. at 35, ¶¶ 299 - 306.)   If, as alleged, Plaintiff can demonstrate at trial that defendant D'Oria attempted to deter him from exercising his right to bring suit against his employer by threats or intimidation, or engaged in retaliatory actions against Plaintiff for filing his suit with the EEOC and filing other complaints, there would exist an actionable claim - even though Plaintiff did subsequently seek legal redress for his grievances.  Accordingly, the Defendant's motion to dismiss claim eleven of Plaintiff's Second Amended Complaint against defendant D'Oria is **DENIED**.

**D.    Plaintiff's Conspiracy Claim for Deprivation of Right to Give Evidence Should be Dismissed for Failure to State a Claim**

Count twelve of the Plaintiff's Second Amended Complaint alleges a conspiracy claim against defendants Popkin, D'Oria, Burgos, and Mangus for conspiring to deprive Plaintiff of his right to bring suit against his employer.  Defendants moved to dismiss this claim on the grounds that the claim on which the conspiracy is based on, count eleven, should be dismissed in its entirety so the conspiracy claim should be dismissed also.  While the Court disagrees with the Defendant's argument that count eleven should be dismissed in its entirety, the Court does agree that count twelve should nonetheless be dismissed.

As the Third Circuit noted, "[w]ith near unanimity, the courts have rejected complaints containing mere conclusory allegations of constitutional rights protected under § 1985(3).  A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and

intentional discrimination between classes or individuals." Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972). As noted supra, Plaintiff has only pled a single incident where one of these four defendants, D'Oria, allegedly acted to prevent him from filing complaints or suits regarding his employment conditions. (See Second Am. Compl. at 35, ¶¶ 299 - 306.) He has not alleged that the other three defendants were in any way involved with this incident, or that they conspired or otherwise aided or abetted in this action. The sole basis for his conspiracy claim against these defendants is a statement incorporated into count twelve that:

> [O]ne or all of the defendants conspired, and made further overt furtherance by actively participating in a deliberate failure to act; and, in furtherance actively participated in overt acqiescence [sic.]; or in overt furtherance, fully embraced the conspiracy of one and/or more of its goals as demonstrated by concerted agreement and meeting of the mind to subject plaintiff to deprivation of rights through and by (a) threat to deter discussion of evidence (b) intimidation to chill right to evidence, (c) inaction to cover-up of evidence of threats, (e) or, by active participation in a deliberate and reckless failure to act to protect plaintiff's [sic.] based on facts of the evidence, his federal constitutionally secured liberty right to his name and reputation, (f) his substantive due process right, (g) and right to avoid such intentional and reckless injury to his person and property, and privileges.

(Complaint at 66, ¶ 4.)

Nothing in the Plaintiff's Second Amended Complaint offers anything beyond the conclusory allegation that one or more of the named defendants somehow conspired and "acted in acquiescence in the overral [sic] objective of the subsidiary conspiracy." (Second Am. Compl at 67, ¶ 7.).  In short, this allegation consists of nothing more than a series of legal conclusions and bald assertions that are properly disregarded by a court in determining whether a sufficient and cognizable claim exists to sustain a motion to dismiss under 12(b)(6).  Accordingly, the Defendant's motion to dismiss claim twelve of the Plaintiff's Second Amended Complaint is **GRANTED**.

### III.  CONCLUSION

For the reasons stated above, and for good cause shown, the Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** Defendant's Motion to Dismiss.  An appropriate form of order will be filed herewith.


Date:   November 10, 2005

                                                    s/Stanley R. Chesler
                                                  Stanley R. Chesler, U.S.D.J.